So Ordered.

Signed this 3 day of September, 2026.

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

MYRA QUINTERO,

Debtor.

Chapter 13
Case No. 26-10376-1-pgr

APPEARANCES:

LAW OFFICE OF OPAL HINDS — OPAL FAYNE HINDS, ESQ.
650 Franklin Street, Suite 501
Schenectady, New York 12305
*Counsel for Debtor Myra Quintero*

STEIN, WIENER & ROTH, LLP — EDWARD WIENER, ESQ.
1400 Old Country Road, Suite 315
Westbury, New York 11590
*Counsel for SEFCU Services, LLC, dba Homeowners Advantage*

ANDREA E. CELLI
CHAPTER 13 STANDING TRUSTEE — BONNIE S. BAKER, ESQ.
7 Southwoods Boulevard
Albany, New York 12211

**MEMORANDUM-DECISION AND ORDER**
**DENYING DEBTOR'S MOTION TO IMPOSE**
**AUTOMATIC STAY NUNC PRO TUNC**

Myra Quintero lost her home in a foreclosure sale minutes after she filed this case. Presently pending is her motion to impose the automatic stay retroactively and

reverse the sale. For the following reasons, this Court finds that it lacks the authority to grant the requested relief.

**Jurisdiction**

This Court has core jurisdiction over the parties and the subject matter of this contested matter under 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

Myra Quintero (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 22, 2024. (Case No. 24-10717, Docket No. 1). The case was dismissed upon Debtor's request on June 10, 2025. (Case No. 24-10717, Docket No. 38).

The Debtor filed another Chapter 13 petition on June 11, 2025. (Case No. 25-10669, Docket No. 1). That case was dismissed on January 20, 2026, based upon Debtor's failure to make payments. (Case No. 25-10669, Docket No. 47).

The Debtor commenced the present case by filing a Chapter 13 Petition on April 10, 2026. (Docket No. 1).

Typically, a bankruptcy filing imposes an automatic stay that prevents creditors from continuing collections against a debtor and/or their property. *See* 11 U.S.C. § 362(a). However, an exception applies where, as here, the debtor was a debtor in two or more bankruptcy cases pending and dismissed within the one-year period preceding the filing. *See* 11 U.S.C. § 362(c)(4)(A)(i). In such cases, the stay is

not imposed automatically upon the filing; a motion, hearing, and court order are required. *See* 11 U.S.C. § 362(c)(4)(B).

This case was filed at 9:30am on April 10, 2026. Debtor's counsel acknowledges that she and the Debtor were aware that the automatic stay was not imposed upon the filing. (Docket No. 55, at ¶ 4).

It is undisputed that Edward Weiner, Esq., counsel for SEFCU Services, LLC, d/b/a Homeowners Advantage, called Debtor's counsel shortly after the filing, advised her a foreclosure sale regarding Debtor's residence was scheduled for later that morning, confirmed that no stay was in place, and conditionally agreed to adjourn the foreclosure sale. (Docket No. 55, at ¶ 8; Docket No. 67, at ¶ 25).

The question of what condition(s) Attorney Weiner imposed on his agreement to adjourn the sale is disputed.

Debtor's counsel contends that Attorney Weiner agreed to adjourn the sale if she filed a motion to extend the stay by 11:30 that morning. (Docket No. 55, at ¶ 8).

Attorney Weiner avers that he told Debtor's counsel that the sale would proceed as scheduled unless she filed a motion *and obtained an Order* imposing the stay prior to the sale. (Docket No. 67, at ¶ 25). He supports this argument by providing a copy of an internal email sent the morning of the bankruptcy filing in which he memorialized the conversation. (Docket No. 67-3).

This Court resolves this question of fact in Debtor's favor for purposes of deciding this motion.

Debtor's counsel filed a Motion to Extend the Automatic Stay at 11:19am on the date of filing. (Docket No. 6). The foreclosure sale was completed shortly thereafter, with Debtor's residence being sold to a third party. (Docket No. 67, at ¶ 2). No objections were filed to the Debtor's motion.

On May 25, 2026, this Court entered an Order noting that the motion should have been filed as a request to *impose*, rather than *extend*, the automatic stay, but nevertheless imposing the stay as of the date of the Order because the Debtor had demonstrated a substantial change in her financial circumstances since the dismissal of her prior cases. (Docket No. 25).

Presently pending is Debtor's motion, filed on July 25, 2026, to impose the automatic stay *nunc pro tunc* to the date of filing, set aside the foreclosure sale, and direct SEFCU to reconvey the property to Debtor. (Docket No. 55). SEFCU opposes the motion. (Docket No. 67). This Court heard oral argument on August 18, 2026, in Albany, New York, with appearances as indicated above, and reserved decision.

**Analysis**

Section 362(c)(4)(A)(i) was added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to discourage "serial filers" from repeatedly frustrating collections through last-minute petitions. *See* Laura B. Bartell, *Staying the Serial Filer - Interpreting the New Exploding Stay Provisions of § 362(c)(3) of the Bankruptcy Code*, 82 Am. Bankr. L.J. 201, 222 (2008).

Section 362(c)(4)(B) gives this Court the power to impose the stay upon motion if the debtor demonstrates that the case was filed "in good faith as to the creditors to

be stayed." 11 U.S.C. § 362(c)(4)(B). As noted above, this Court imposed the stay pursuant to this Section upon Debtor's motion, and without opposition, on May 25, 2026. (Docket No. 25).

In the instant motion, the Debtor asks this Court for additional relief – imposition of the stay retroactive to the date of filing and a reversal of the foreclosure sale.

However, the plain language of the statute does not give this Court the power to grant such relief and, in fact, precludes it.

To wit, Section 362(c)(4)(C) provides that a stay imposed pursuant to Section 362(c)(4)(B) "shall be effective *on the date of the entry of the order* allowing the stay to go into effect…." 11 U.S.C. § 362(c)(4)(C) (emphasis added).

Courts interpreting this provision have concluded that granting retroactive relief from the stay would "flout the express language of the Bankruptcy Code" and is therefore impermissible. *In re Cook*, 614 B.R. 635, 643 (Bankr. N.D. Ga. 2020); *see also In re Plasterer*, No. 8-24-70347-LAS, 2024 WL 606264, at *4 (Bankr. E.D.N.Y. Feb. 13, 2024); *In re Robie*, No. 21-31772, 2021 WL 5183528, at *1 (Bankr. N.D. Ohio Oct. 20, 2021).

In addition, while federal courts have the power to issue *nunc pro tunc* orders,[1] they may do so only "'to reflect the reality' of what has already occurred," and not to "make the record what it is not." *Roman Cath. Archdiocese of San Juan, Puerto Rico*

[1]"*Nunc pro tunc*, Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." *Negron v. U.S.*, 394 Fed.Appx. 788, 791 (2d Cir. Oct. 1, 2010) (quoting *Black's Law Dictionary* 1100 (8th ed. 2004).

*v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) (quoting *Missouri v. Jenkins*, 495 U.S. 33, 49 (1990)).

Further, granting retroactive relief under these circumstances would improperly disrupt the parties' rights under applicable non-bankruptcy law. *See Plasterer*, 2024 WL 606264, at *5 ("The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered, and once the right to redeem is lost, it cannot be revived, even by court order.") (quoting *Liberty Dabar Assocs. v. Mohammed*, 183 A.D.3d 880, 883 (2d Dep't 2020)).

This Court recognizes Debtor's arguments sounding in equity based on her contention that Attorney Weiner: (a) agreed to adjourn the foreclosure sale if her attorney filed a motion to extend/impose the stay; and then (b) failed to honor that agreement.

However, even construing the facts in the light most favorable to the Debtor for purposes of this motion, the Debtor must still identify some legal basis under which this Court can grant the requested relief notwithstanding the plain language of the Code and other concerns recognized above. Equity is not enough. *See Robinson v. Deutsche Bank Nat. Tr. Co.*, 932 F. Supp. 2d 95, 114 (D.D.C. 2013) ("Equitable estoppel is not a freestanding claim, and a plaintiff seeking the benefit of equitable estoppel must have some claim, sounding in equity or in law, that otherwise entitles it to prevail against the defendant."); *see also Gillespie v. City of Yonker*s, 88 Misc. 3d 1242(A), 252 N.Y.S.3d 451 (N.Y. Sup. Ct. 2026) ("Equitable estoppel may be used to hold a defendant to its purported obligations but cannot be used as the sole basis for

recovery of damages."); *Sabilia v. Richmond*, No. 11 CIV. 739 JPO MHD, 2011 WL 7091353, at *29 (S.D.N.Y. Oct. 26, 2011), *report and recommendation adopted*, No. 11-CV-739 JPO, 2012 WL 213656 (S.D.N.Y. Jan. 24, 2012) ("[Equitable estoppel] does not operate to create rights otherwise nonexistent; it operates merely to preclude the denial of a right claimed otherwise to have arisen.").

Here, the Debtor has not cited any statutory and/or case law in support of her motion.

This Court is mindful of authority suggesting that Section 105 of the Bankruptcy Code[2] might confer "sufficient equitable powers to set aside a foreclosure sale, under appropriate circumstances." *Piccolo v. Dime Sav. Bank of New York*, 145 B.R. 753, 757 (N.D.N.Y. 1992) (citing *In re Lashley*, 825 F.2d 362, 364 n.1 (11th Cir. 1987) & *In re Krueger*, 69 B.R. 845, 849 (Bankr. C.D. Cal. 1987), *aff'd on other grounds*, 88 B.R. 238 (B.A.P. 9th Cir. 1988)).

However, courts in this District have: (a) declined to read Section 105 this broadly; (b) identified federalism concerns raised by such a reading; and (c) recognized the limits of the bankruptcy court's authority with respect to property removed from the bankrupt estate by operation of applicable non-bankruptcy law. *See Piccolo*, 145 B.R. at 757-60; *Cook v. Huey*, 506 B.R. 174, 176 (N.D.N.Y. 2013).

Lastly, although the Debtor's personal circumstances are profoundly sympathetic, this is not a sufficient basis for granting the requested relief. *See Piccolo*, 145 B.R. at 759 ("If a mortgagor's children were a basis for setting aside a valid

---

[2] Section 105 (a) provides, in pertinent part, that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

judgment and sale of foreclosure, very few foreclosure sales would survive attack."); *see also generally Vincent v. Shalala*, 830 F. Supp. 126, 129 (N.D.N.Y. 1993) (recognizing that "the temptation to blur the distinction between individual need and statutory eligibility is strong; but our authority as judges often fails to match our sympathy for our fellow human beings") (quoting *Singletary v. Sec'y of Health & Human Services*, 623 F.2d 217, 220 (2d Cir.1980) (Meskill, J., dissenting)).

## Conclusion

For the foregoing reasons, Debtor's Motion to Impose the Automatic Stay *Nunc Pro Tunc* (Docket No. 55) is DENIED.

###